UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Steven Verba,

Plaintiff,

v.

KONE INC.,

Defendant.

Case No. 0:16-cv-03308

Hon. Susan Richard Nelson

Magistrate Katherine M. Menendez

---

Nicholas G.B. May (0287106)
Emma R Denny (#395334)
Fabian May & Anderson, PLLP
825 Nicollet Mall, Suite 1625
Minneapolis, MN 55402
(612) 353-3340
nmay@fmalawyers.com
edenny@fmalawyers.com

*Attorneys for Plaintiff*

Kristina Kaluza (#0390899)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1900
kkaluza@dykema.com

Stephen S. Muhich (MI - P35289)
Elisa J. Lintemuth (MI - P74498)
DYKEMA GOSSETT PLLC
300 Ottawa Ave., N.W., Suite 700
Grand Rapids, MI 49503
(616) 776-7543
smuhich@dykema.com
elintemuth@dykema.com

*Attorneys for Defendant*

---

## **ANSWER TO COMPLAINT**

Defendant, KONE Inc. ("KONE"), by its attorneys, Dykema Gossett PLLC, for its answer to Plaintiff's Complaint states as follows:

## **JURISDICTION AND VENUE**

1. This action arises under Title I of the Americans with Disabilities Act of

1990 ("ADA"), 42 U.S.C. § 12101, et seq., as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"). Therefore, this court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under Title 28 U.S.C. §§ 1331-32.

**ANSWER: The allegations in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, KONE does not contest the jurisdiction of this Court. In further answer, KONE denies that it violated any law and denies all allegations of wrongdoing.**

2. Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims under state law. This Court has supplemental jurisdiction under Title 28 U.S.C. § 1367(a) to adjudicate Plaintiff's state law claims.

**ANSWER: The allegations in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, KONE does not contest the jurisdiction of this Court.**

3. The unlawful practices described hereinafter have been committed in the District of Minnesota, the employment records relevant to those practices are, upon information and belief, maintained and administered at the offices of Defendant in the district of Minnesota, and Defendant does substantial business within Minnesota.

**ANSWER: KONE admits only that it conducts business within Minnesota and that KONE's Eagan branch is located in this district. KONE denies that it committed any "unlawful practices" and denies all allegations of wrongdoing.**

## PARTIES

4. Plaintiff Steven Verba (hereinafter "Plaintiff" or "Verba") is an individual who resides in the City of Bloomington, County of Hennepin, State of Minnesota.

**ANSWER: KONE is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

5. Defendant Kone, Inc., (hereinafter "Defendant" or "Kone") is a Delaware corporation whose registered office address is 2345 Rice St., Ste. 230, Roseville, MN 55113.

**ANSWER: Admitted.**

## FACTS COMMON TO ALL COUNTS

6. Defendant is an elevator repair and construction company. Plaintiff worked for Defendant at its Eagan, Minnesota location as an Assistant Mechanic from December of 2014 through May 1, 2015.

**ANSWER: KONE admits that it is engaged in the business of constructing, modernizing, repairing, and maintaining elevators, escalators, and related equipment. KONE further admits that Plaintiff worked for KONE as an assistant mechanic beginning on December 4, 2014, that he was assigned to the Eagan, Minnesota branch, and that Plaintiff took a medical leave of absence from that position in May 2015. KONE denies any remaining allegations as untrue.**

7. In February of 2015, Plaintiff began to experience severe pain in his legs. After the pain did not improve for a couple of days, Plaintiff went to the emergency room ("ER") on February 24, 2015, where he was diagnosed with deep vein thrombosis

("DVT" or "blood clots"), which was caused by the heavy lifting, scaffold climbing, and kneeling he engaged in at his position with Defendant. The physician gave him a note which stated: "Steven Verba was seen in our Emergency Department today, February 24, 2015. He may return to work on 2/25/15 but cannot climb to heights, perform heavy lifting greater than 25 pounds, prolonged standing on left leg until cleared by vascular medicine or primary care physician."

**ANSWER**: **KONE denies the allegations of this paragraph to the extent they are inconsistent with the doctor's note dated February 25, 2015, which speaks for itself. KONE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

8. Plaintiff called his supervisor at Kone, Jack Bultman ("Bultman"), following his visit to the ER and told him about the diagnosis and the note from the doctor. Plaintiff received a call from Defendant's workers' compensation insurance company the following day to begin the process of applying for workers' compensation benefits. That same day, Plaintiff received a call from a Nurse for Defendant who told him that Defendant had a light-duty work program for employees with workers' compensation injuries, so he should show up to work that Monday, March 2, 2015 and Defendant would put him back to work.

**ANSWER: KONE admits only that Plaintiff discussed his condition with his supervisor, Jack Bultman, in February 2015, and that during certain periods of time, Plaintiff became eligible for KONE's Early Return to Work Program. KONE is**

**without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

9. When Plaintiff came into work on March 2nd as instructed by the Nurse, he gave the February 24th doctor's note to Bultman. Bultman read the note, handed it back to Plaintiff, and said "We don't know if we're going to honor this yet. I only have to keep you here two hours a day." Bultman then instructed Plaintiff to report to work for 2 hours a day doing light-duty work in the office, which Plaintiff did. On March 5, 2015, Plaintiff saw his physician, who provided him with a new note to provide to Defendant, which stated that Plaintiff "has a DVT (blood clot) and is on blood thinners for 3 months (until June 1st, 2015). He should not be working in a position that would expose him to bleeding injury or significant trauma. He may work full time without other limitations." Plaintiff provided this note to Defendant that same day. However, despite this new work restriction, Defendant kept Plaintiff working only two hours per day doing light-duty office work.

**ANSWER**: **KONE admits only that, under KONE's Early Return to Work Program, Plaintiff worked for KONE for two hours each day from February 26, 2015 to May 1, 2015. KONE denies the allegations of this paragraph to the extent they are inconsistent with the doctor's note dated March 5, 2015, which speaks for itself. KONE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

10. Plaintiff continued to work 2 hours per day for Kone doing light duty office work until May 1, 2015. On May 1, 2015 Randy Strong ("Strong"), Defendant's Branch Manager, took Plaintiff aside and said "What's going on with your injury?" Plaintiff responded that he was still on the restrictions outlined in his March 5th doctor's note until at least June 1, 2015. Strong responded "Well, Mark Anderson [Strong's supervisor] told me we don't have any work for you anymore." Plaintiff asked if that meant that Defendant was firing him. Strong responded by shrugging his shoulders. When Plaintiff reported to work for his two hour shift the next day, Strong said "I told you we don't have any work for you, what are you doing here?" and instructed Plaintiff to leave. Plaintiff asked Strong to contact Plaintiff's union business agent Dave Aaserud ("Aaserud") regarding the status of Plaintiff's employment with Defendant.

**ANSWER**: **KONE admits only that, under KONE's Early Return to Work Program, Plaintiff worked for KONE for two hours each day from February 26, 2015 to May 1, 2015. KONE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

11. Strong sent Aaserud an email on May 5, 2015 stating: "Steve wanted me to contact you regarding the status of his employment. My understanding is the work comp claim has been denied. He is being placed on a 'Leave of Absence' until he is able to procure a release from his doctor. If he has any further questions, please have him direct them to Mark Anderson."

**ANSWER: KONE denies the allegations of this paragraph to the extent they are inconsistent with the email dated May 5, 2015, which speaks for itself. KONE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

12. On July 14, 2015, Plaintiff's doctor provided him with a note that stated that he "may return to work without restriction on Monday, July 20th." Aaserud emailed a copy of this note to Bultman and Strong on July 16, 2015, stating: "Per our conversation here's the release letter for Mr. Verba, he'll be at the Kone office Monday." However, Bultman called Aaserud on July 17, 2015 and told Aaserud that Defendant had no work for Plaintiff and instructed Aaserud to tell Plaintiff not to report to work on the 20th. Kone continued to employ other Assistant Mechanics in Plaintiff's position. Defendant's stated reason for not returning Plaintiff to work was untrue and pretextual. Defendant has failed to return Plaintiff to work to date.

**ANSWER: KONE denies the allegations of this paragraph to the extent they are inconsistent with the doctor's note dated July 14, 2015 and the email dated July 16, 2015, which speak for themselves. In further answer, KONE admits only that in July of 2015, there was no available work for Plaintiff, and that Plaintiff is not currently employed by KONE. KONE denies any allegations of wrongdoing as untrue. KONE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

13. Plaintiff filed a charge of disability discrimination, retaliation and failure to

accommodate with the EEOC on January 6, 2016. Plaintiff received a right to sue letter from the EEOC on September 27, 2016.

**ANSWER**: **KONE is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

## CAUSES OF ACTION

## COUNT I

### Disability Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

14. By reference hereto, Plaintiff incorporates paragraphs 1-13 of his Complaint.

**ANSWER**: **KONE incorporates by reference its answers to Paragraphs 1-13 of this Complaint as though fully set forth herein.**

15. The Americans with Disabilities Act ("ADA") states in relevant part: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to discharge of employees... and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The term "discriminate against a qualified individual on the basis of disability" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee." § 12112(b)(5)(A).

**ANSWER**: **The allegations in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, KONE denies the allegations of this paragraph to the extent they are inconsistent with the law.**

16. Plaintiff and Defendant were employee and employer respectively for the purposes of the Americans with Disabilities Act. Plaintiff is disabled as defined in § 12102(1) and is a "qualified individual" as defined in § 12111(8).

**ANSWER**: **The allegations in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, KONE denies that Plaintiff is disabled under the Americans With Disabilities Act.**

17. Defendant's conduct constitutes a violation of 42 U.S.C. § 12101 et seq.

**ANSWER**: **Denied as untrue.**

18. As a direct result of Defendant's conduct, Plaintiff has suffered the loss of past and future income, mental anguish, emotional distress, loss of benefits, and other damages in an amount in excess of $75,000.

**ANSWER**: **Denied as untrue.**

**COUNT II**

**Retaliation in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.**

19. By reference hereto, Plaintiff incorporates paragraphs 1-18 of his Complaint.

**ANSWER**: **KONE incorporates by reference its answers to Paragraphs 1-18 of this Complaint as though fully set forth herein.**

20. During all relevant times herein, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4) and Defendant was a "covered entity" within the meaning of 42 U.S.C. § 12111(2).

**ANSWER**: **The allegations in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, KONE denies the allegations of this paragraph to the extent they are inconsistent with the law.**

21. The Americans with Disabilities Act provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

**ANSWER**: **The allegations in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, KONE denies the allegations of this paragraph to the extent they are inconsistent with the law.**

22. By its conduct as laid out above, Defendant violated 42 U.S.C. § 12203(a).

**ANSWER**: **Denied as untrue.**

23. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of income, emotional distress, and other damages in an amount in excess of $75,000.00.

**ANSWER**: **Denied as untrue.**

## COUNT III

## Reprisal in Violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.01, et seq.

24. By reference hereto, Plaintiff incorporates paragraphs 1-23 of his Complaint.

**ANSWER**: **KONE incorporates by reference its answers to Paragraphs 1-23 of this Complaint as though fully set forth herein.**

25. During all relevant times herein, Plaintiff was an "employee" within the meaning of Minn. Stat. § 363A.03, subd. 15 and Defendant was his "employer" within the meaning of Minn. Stat. § 363A.03, subd. 16.

**ANSWER**: **The allegations in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, KONE denies the allegations of this paragraph to the extent they are inconsistent with the law.**

26. The Minnesota Human Rights Act provides that it is an "unfair discriminatory practice for any individual . . . to intentionally engage in any reprisal against any person because that person . . . (1) opposed a practice forbidden under this chapter or has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter . . ." Minn. Stat. § 363A. 15.

**ANSWER**: **The allegations in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, KONE denies the allegations of this paragraph to the extent they are inconsistent with the law.**

27. By its conduct as laid out above, Defendant violated Minn. Stat. § 363A.15.

**ANSWER**: **Denied as untrue.**

28. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000.00.

**ANSWER**: **Denied as untrue.**

**COUNT IV**

**Retaliation in Violation of Minn. Stat. § 176.82**

29. By reference hereto, Plaintiff incorporates paragraphs 1-28 of his Complaint.

**ANSWER**: **KONE incorporates by reference its answers to Paragraphs 1-28 of this Complaint as though fully set forth herein.**

30. Minn. Stat. § 176.82, subd. 1 provides that: "Any person discharging or threatening to discharge an employee for seeking workers' compensation benefits or in any manner intentionally obstructing an employee seeking workers' compensation benefits is liable in a civil action for damages incurred by the employee including any diminution in workers' compensation benefits caused by a violation of this section including costs and reasonable attorney fees, and for punitive damages not to exceed three times the amount of any compensation benefit to which the employee is entitled. Damages awarded under this section shall not be offset by any workers' compensation benefits to which the employee is entitled."

**ANSWER**: **The allegations in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, KONE denies the allegations of this paragraph to the extent they are inconsistent with the law.**

31. Plaintiff and Defendant were employee and employer respectively for the purposes of Minn. Stat. § 176.82.

**ANSWER: The allegations in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, KONE denies the allegations of this paragraph to the extent they are inconsistent with the law.**

32. Defendant's conduct as laid out above constitutes a violation of Minn. Stat. § 176.82.

**ANSWER: Denied as untrue.**

33. As a direct and proximate result of Defendant's violation of Minn. Stat. § 176.82, Plaintiff has suffered and continues to suffer economic loss, emotional distress and other damages in an amount in excess of $75,000.00.

**ANSWER: Denied as untrue.**

**PRAYER FOR RELIEF**

**WHEREFORE, Defendant KONE Inc. prays that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff's requests for relief be denied, and that the Court award whatever other relief in favor of KONE Inc. as is just and proper.**

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff has failed to mitigate his damages.

3. Plaintiff's claims are barred in whole and in part by Plaintiff's failure to exhaust administrative, contractual and/or statutory remedies.

4. Plaintiff's claims are barred for the reason that Plaintiff's alleged condition does not constitute a "disability" within the meaning of the applicable statutes and regulations.

5. KONE complied with the requirements of all applicable contracts, statutes and regulations. To the extent Plaintiff establishes that KONE committed any violation (if at all), such violation was due to bona fide errors or omissions and was otherwise unintentional notwithstanding the maintenance of procedures reasonably adopted to avoid them.

6. Plaintiff's claims are barred by the doctrines of accord and/or satisfaction.

KONE reserves the right to add additional affirmative defenses upon completion of discovery.

WHEREFORE, Defendant KONE Inc. prays that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff's requests for relief be denied, and that the Court award whatever other relief in favor of KONE Inc. as is just and proper.

Dated: October 21, 2016

*/s/ Elisa J. Lintemuth*

Elisa J. Lintemuth (admitted pro hac vice)
DYKEMA GOSSETT PLLC
Attorneys for Defendant KONE Inc.
300 Ottawa Ave. NW, Suite 700
Grand Rapids, MI 49503
Telephone: (616) 776-7500
elintemuth@dykema.com