UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Steven Verba,

        Plaintiff,

v.

Kone, Inc.,

        Defendant.

Case No. 16-cv-3308-DSD-KMM

**RULE 26(f) REPORT**

---

The parties/counsel identified below conferred as required by Fed. R. Civ/ P. 26(f) and the Local Rules on November 14, 2016, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for Tuesday, December 6, 2016, at 9:30 a.m. before the United States Magistrate Judge Kate Menendez in Courtroom 8E of the U.S. Courthouse in Minneapolis, Minnesota.

This Report is based on Form 3 in the Local Rules, but is customized with additional topics.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015, and are familiar with the amendments.

## DESCRIPTION OF THE CASE

1.    Concise factual summary of plaintiff's claims:

Plaintiff Steven Verba ("Plaintiff" or "Verba") was employed by Defendant Kone, Inc. ("Defendant" or "Kone") as an Assistant Mechanic at its Eagan, MN facility from December 2014 through May 1, 2015. In February of 2015, Plaintiff experienced a workplace injury. After receiving treatment, Plaintiff received work restrictions from his physician, which he transmitted to Defendant. Defendant reduced Plaintiff's hours to 2 hours per week, beginning on March 2, 2015. Then, on May 1, 2015, Plaintiff was told not to return to work until he no longer had any work restrictions.

Then, on July 17, 2015, Plaintiff informed Defendant he had been cleared to work without restrictions, but Defendant told him there were no available positions and did not return him to work. However, this statement was false and pretextual, as there were positions available to Plaintiff at Defendant as of July 17, 2015. Plaintiff brings four causes of action against Defendant in this lawsuit, including: (1) disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"); (2) retaliation in violation of the ADA; (3) reprisal in violation of the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.01, et seq.; and (4) retaliation in violation of the Minnesota Workers Compensation Act, Minn. Stat. § 176.82.

2.      Concise factual summary of defendants' claims/defenses:

Defendant denies that it committed any unlawful practices and denies all allegations of wrongdoing in the Complaint.  Defendant therefore denies liability for the allegations in the Complaint. Defendant further denies that Plaintiff is disabled under the Americans with Disabilities Act, asserts that Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative, contractual and/or statutory remedies, and asserts that Plaintiff has failed to mitigate his damages, among other defenses. Defendant denies that plaintiff is entitled to any relief and requests dismissal of Plaintiff's claims in their entirety.

3.      Statement of jurisdiction (including statutory citations):

Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.      Summary of factual stipulations or agreements:  None.

5.      Statement of whether a jury trial has been timely demanded by any party:

Plaintiff seeks a jury trial.

2

6.      Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials.

7.      Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

Plaintiff has served process on Defendant and Defendant has answered. Though no party intends to amend their pleadings or add any additional parties at this time, discovery has not commenced and both Plaintiff and Defendant reserve the right to amend their pleadings or add additional parties.

## FACT DISCOVERY

Having conferred about the unique needs of this case, and mindful of the goal of efficiency, the parties recommend that the Court establish the following fact discovery deadlines and limitations:

1.      The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before <u>December 30, 2016</u>. If the parties plan to disclose documents by a description by category and location of documents, they will exchange copies of initial disclosure documents on or before <u>January 31, 2017</u>.

2.      The parties must commence fact discovery in time to be completed by <u>July 14, 2017</u>. The parties will discuss whether a date for the substantial production of documents should be set within the fact-discovery period to facilitate the taking of depositions.

3.      The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit each side's use and numbers of discovery procedures as follows:

a.      no more than <u>25</u> interrogatories may be served by one party on another party

b.      no more than <u>25</u> document requests may be served by one
        party on another party

        The parties understand that objections to document requests
        must meet the requirements of amended Rule 34(b)(2)(B). If
        the responding party is producing copies of documents or
        copies of electronically stored information and the copies are
        not produced with the responses, another reasonable time
        must be specified in the response. If the requesting party
        disagrees that this is reasonable, the parties must meet and
        confer to agree on the timetable for production.

c.      no more than <u>10</u> requests for admission may be served by one
        party on another party, not including requests for admission
        regarding the authenticity of documents

        The parties have discussed a protocol for the authentication of
        documents and agree on the following:

        Requests for admission as to the authenticity of documents
        shall not count toward the limitation of 10 requests for
        admission.

d.      <u>10</u>  factual depositions

e.      The parties have discussed the taking of depositions pursuant
        to Rule 30(b)(6) and present the following agreement:

        The parties anticipate the deposition of a corporate
        representative from the defendant. The parties agree that the
        deposition of the corporate representative for any party will
        not exceed 7 hours as set forth in the Federal Rules of Civil
        Procedure.

f.      <u>1</u>  Rule 35 medical examinations, if warranted, which will be
        completed by <u>July 14, 2017</u>.  Plaintiff is not claiming a current
        disability through this action, so Defendant does not
        anticipate a Rule 35 medical examination at this time, but
        reserves the right to conduct a Rule 35 medical examination if
        warranted.

**EXPERT DISCOVERY**

1.   The parties anticipate that they **will**  require expert witnesses at the time of trial.

    a.   The plaintiff anticipates calling _2_ experts in the fields of <u>economic damages and emotional distress.</u>

    b.   The defendant anticipates calling <u>rebuttal expert witnesses.</u>

2.   The parties propose that the Court establish the following plan for expert discovery:

    a.   Initial experts

        i.   The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before <u>August 11, 2017</u>.

        ii.   The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before <u>August 11, 2017</u>.

    b.   Rebuttal experts

        i.   The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before <u>September 11, 2017</u>.

        ii.   Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before <u>September 11, 2017</u>.

3.   All expert discovery, including expert depositions, must be completed by <u>October 11, 2017</u>.

**OTHER DISCOVERY ISSUES**

1.      Protective Order

The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a **proposed protective order** based on Form 6 that incorporates the required language in the Court's Notice of Pretrial Conference.

2.      Discovery of Electronically Stored Information

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery.   The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues: <u>None at this time.</u>

The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section.

The parties will further meet and confer by <u>December 31, 2017</u>, to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by <u>January 31, 2017</u>.

3.      Claims of Privilege or Protection

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D). This discussion included whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties: <u>Will include their agreement in the proposed Protective Order.</u>

4.      The parties:

☐  Agree that a party should be required to request an informal conference with the Court before filing any discovery motion.

☐  Agree that a party should not be required to request an informal conference with the Court before filing a discovery motion.

X  Do not agree that a party should be required to request an informal conference with the Court before filing a discovery motion.

Plaintiff does not agree at this time that a party should be required to request an informal conference with the Court before filing any discovery motion. Defendant is agreeable to requiring that a party should be required to request an informal conference with the Court before filing a discovery motion, but requires that both parties follow the same procedure.

## PROPOSED MOTION SCHEDULE

The parties propose the following deadlines for filing motions:

1.     Motions seeking to join other parties must be filed and served by January 13, 2017.

2.     Motions seeking to amend the pleadings must be filed and served by January 13, 2017.

3.     Non-dispositive motions:

   a.     All non-dispositive motions relating to fact discovery must be filed and served by August 18, 2017.

   b.     All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by October 30, 2017.

The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

4.      All dispositive motions must be **filed, served, and heard by** <u>November 13, 2017</u>.

**TRIAL-READY DATE**

1.      The parties agree that the case will be ready for trial on or after <u>January 5, 2018</u>.

2.      The anticipated length of the **jury** trial is <u>4 **days**</u>.

3.      The parties propose that the final pretrial conference be held on or before <u>December 1, 2017</u>.

**INSURANCE CARRIERS/INDEMNITORS**

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

None.

**SETTLEMENT**

The parties discussed settlement at the Rule 26(f) meet-and-confer and each party has contemporaneously e-mailed a confidential letter setting forth what settlement discussions have taken place and whether the party believes an early settlement conference would be productive, as provided in Magistrate Judge Menendez's Notice of Pretrial Conference.

**TRIAL BY MAGISTRATE JUDGE**

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

FABIAN MAY & ANDERSON, PLLP

Dated:  November 29, 2016____        By: /s/  Emma R. Denny_____
                                     Nicholas G.B. May, #0287106
                                     Emma R. Denny #0395334
                                     825 Nicollet Mall
                                     Suite 1625
                                     Minneapolis, MN 55402
                                     nmay@fmalawyers.com
                                     edenny@fmalawyers.com
                                     612-353-3340

                                     ATTORNEYS FOR PLAINTIFF


                                     DYKEMA GOSSETT PLLC

Dated:  November 29, 2016____        By: /s/ Kristina H. Kaluza_____
                                     Kristina H. Kaluza, #0390899
                                     4000 Wells Fargo Center
                                     90 South Seventh Street
                                     Minneapolis, MN 55402
                                     612-486-1900
                                     kkaluza@dykema.com

                                     and

                                     Stephen Muhich
                                     *Admitted pro hac vice*
                                     Elisa Lintemuth
                                     *Admitted pro hac vice*
                                     300 Ottawa Avenue, N.W.
                                     Suite 700
                                     Grand Rapids, MI 49503
                                     616-776-7532
                                     smuhich@dykema.com
                                     elintemuth@dykema.com

                                     ATTORNEYS FOR DEFENDANT